## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF IOWA
## CEDAR RAPIDS DIVISION

ELMER LAPPE,

                Petitioner,

vs.

DR. WHITTER, JOHN MONROE,

                Respondents.

No. C16-0163-LRR

ORDER

This matter is before the court on the petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2254 (docket no. 1). The petitioner submitted such application on August 2, 2016. In addition, the petitioner filed a supplement (docket no. 2) on August 9, 2016, a second supplement (docket no. 3) on August 9, 2016, a third supplement (docket no. 4) on August 9, 2016, a fourth supplement (docket no. 6) on August 9, 2016 and a fifth supplement (docket no. 5) on August 12, 2016.

The petitioner neither paid the $5.00 filing fee nor submitted an application to proceed in forma pauperis. *See* 28 U.S.C. § 1914(a) (requiring $400.00 filing fee for civil actions, except that on application for a writ of habeas corpus the filing fee is $5.00); 28 U.S.C. § 1915 (explaining in forma pauperis proceedings). Further, Rule 4 of the Rules Governing Section 2254 Cases requires the court to conduct an initial review of the application for a writ of habeas corpus and summarily dismiss it, order a response or "take such action as the judge deems appropriate." *See* Rule 4, Rules Governing Section 2254 Cases. The court may summarily dismiss an application without ordering a response if it plainly appears from the face of the application for a writ of habeas corpus and its exhibits that the petitioner is not entitled to relief. *See id.*; 28 U.S.C. § 2243. Aside from failing

to submit the required filing fee or a proper application to proceed in forma pauperis, it is clear that summary dismissal is appropriate in this case.

The petitioner did not rely on the form that is typically utilized by individuals who are seeking relief under 28 U.S.C. § 2254. *See* Rule 2(c), Rules Governing Section 2254 Cases; Rule 2(d), Rules Governing Section 2254 Cases. Because the petitioner did not comply with either Rule 2(c) or Rule 2(d) of the Rules Governing Section 2254 Cases, it is unclear whether the petitioner is challenging criminal proceedings or civil commitment proceedings. Moreover, it is unclear whether the petitioner exhausted the remedies that are available in the Iowa courts. *See* 28 U.S.C. § 2254(b)(1)(A). A review of relevant state court records that are related to *State v. Lappe*, Case No. SRCR118120 (Linn Cnty. Dist. Ct. 201_), indicates that the petitioner did not exhaust the remedies that are available in the courts of Iowa.[1] Because he did not properly commence this action and he failed to satisfy the requirements of 28 U.S.C. § 2254(b)(1)(A), this action is dismissed without prejudice.

**IT IS SO ORDERED**.

**DATED** this 23rd day of August, 2016.

LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

---

[1] Iowa state court criminal and civil records may be accessed online at: http://www.iowacourts.gov/For_the_Public/Court_Services/Docket_Records_Search/index.asp. *See Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (addressing court's ability to take judicial notice of public records).